Carol Lynn Finklehoffe. CA Bar No. 220309
LIPCON MARGULIES & WINKLEMAN
One Biscayne Tower, Suite 1776
Miami, FL 33131
Tel: 305-373-3016
Fax: 305-373-6204
Email: cfinklehoffe@lipcon.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Leonard Sawicki, | CASE NO.: |
| Plaintiff, | **PLAINTIFF'S COMPLAINT AND** |
| vs. | **DEMAND FOR JURY TRIAL** |
| PRINCESS CRUISE LINES, LTD., a corporation for profit, PRINCESS CAYS LTD, a corporation for profit, | |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LEONARD SAWICKI, brings this action individually. This action is brought against Defendant PRINCESS CRUISE LINES, LTD. (hereinafter "PRINCESS"), a for profit corporation, and PRINCESS CAYS LTD (hereinafter "PRINCESS LTD"), a for profit corporation, for personal injuries sustained by the Plaintiff LEONARD SAWICKI and seeks compensatory damages, statutory attorney's fees and costs, and all other such relief provided under principles of negligence pursuant to the General Maritime Law.

1

Plaintiff's Complaint and Demand for Jury Trial

## Parties and Jurisdiction

1. This action is an action under general maritime law and the laws of California, as applicable.

2. The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

3. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333, because Defendant PRINCESS unilaterally inserts a forum selection clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this federal district and division,* as opposed to any other place in the world.

## The Parties

4. Plaintiff, LEONARD SAWICKI, was and is a resident of Florida.

5. At all times material, Defendant PRINCESS was and is a for profit corporation with its worldwide headquarters, principal address and principal place of business located in the County of Los Angeles.

6. At all times material, Defendant PRINCESS was and is a common carrier engaged in the business of marketing, selling and operating a cruise line out of various ports throughout the world including, Los Angeles, California and Fort Lauderdale, Florida.

7. At all times material, Defendant PRINCESS derived substantial revenue from cruises originating and terminating in various ports throughout the world including, Los Angeles, California and Fort Lauderdale, Florida.

MARGULIES & WINKLEMAN P.A.
Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
E: (305)373-3016 FAX: (305)373-6204

8. At all times material, Defendant PRINCESS LTD is a Bahamian-based subsidiary of PRINCESS. Defendant PRINCESS owns and control Defendant PRINCESS LTD, and the Defendants are collectively engaged in a business venture within the state of California.

9. At all times material, Defendant PRINCESS was the parent company which created, developed, owned, operated, managed, maintained, supervised, controlled and/or insured Defendant PRINCESS LTD.

10. Defendants, at all times material hereto, personally or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Purposefully availed themselves of the benefits of conducting activities in California by purposefully directing their activities toward the state, thereby obtaining the benefits and protections of the state's laws;

   e. The acts of the Defendant set out in this Amended Complaint occurred in whole or in part in this state and/or county;

   f. The cruise line ticket for the Plaintiff requires that suit be brought in this Court against the named Defendant in this action.

11. At all times material hereto, PRINCESS LTD entered into a contract(s) with PRINCESS concerning the subject Princess Cay private island, which (a) formalized a joint venture between the Defendants named herein within the State of California; (b) contains a choice-of-law clause designating California law as the governing law; (c) contains a provision whereby PRINCESS LTD agreed to submit to the exclusive jurisdiction of the courts of California; (d) involves consideration of not less than $250,000 or relate to an obligation arising out of a transaction

3
Plaintiff's Complaint and Demand for Jury Trial

involving in the aggregate not less than $250,000; (e) does not violate the U.S. Constitution; (f) has at least one party of the contract that is a resident of California or incorporated under the laws of California and (g) required PRINCESS LTD to obtain insurance for the benefit of PRINCESS, including its officers and/or directors, located in California. Therefore, the contract between PRINCESS and PRINCESS LTD meet all requirements to satisfy a finding of specific jurisdiction under California Statute § 410.10.

12. At all times material hereto and in the alternative, PRINCESS LTD is also subject to jurisdiction pursuant to Federal Rule of Civil Procedure 4(k)(2) because: (a) the instant maritime tort claims arise under federal law; (b) PRINCESS LTD is not subject to jurisdiction in any state's courts of general jurisdiction; and (c) exercising jurisdiction over PRINCESS LTD is consistent with the United States Constitution and laws based on PRINCESS LTD's minimum contacts with the United States as a whole such that the maintenance of this lawsuit does not offend traditional notions of fair play and substantial justice. These minimum contacts, include, but are not limited to, PRINCESS LTD location and operation in the United States, as well as marketing and promoting the Princess Cays as port stop for Princess' cruises in the United States directly and/or through cruise lines as their agents located all over the United States.

13. At all times material hereto, Defendants subjected themselves to the jurisdiction of the Courts of this State.

14. At all times material, Defendant PRINCESS operated, managed, maintained, supervised, chartered, and/or controlled a large commercial vessel named *Enchanted Princess* ("the subject vessel").

15. At all times material, Defendant PRINCESS transported fare-paying passengers on cruises aboard its vessel *Enchanted Princess*.

**General Allegations Common to All Counts**

16. At all times material, the Plaintiff LEONARD SAWICKI was a fare paying passenger and lawfully aboard the vessel *Enchanted Princess*.

17. On or about March 31, 2022, the vessel was anchored in Defendant's private island, Princess Cay ("Defendant's Private Island").

18. At all times material hereto, Defendant PRINCESS and/or PRINCESS LTD owned, operated, managed maintained, controlled, and/or had exclusive custody of *Defendant's Private Island, Princess Cay.*

19. On or about March 31, 2022, while at Defendant's Private Island, Plaintiff was walking back from the beach when he suddenly tripped and fell on unforeseeable, unmarked and hidden threshold where the sand meets concrete of identical color.

20. The hidden and/or deceiving threshold was not open and obvious and the Plaintiff had no way of knowing of the existence of the hazardous condition.

21. As a result of Defendant's negligence, their vessel, agents and/or crew, the Plaintiff suffered serious, including but not limited to a large laceration on his left shin, requiring 26 stitches and which later became infected due to the medical negligence of Princess's medical center.

## COUNT I
## NEGLIGENT FAILURE TO WARN AGAINST DEFENDANTS

22. Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 20, and alleges as follows:

23. At all times material, Defendants through its employees, servants, agents, and/or representatives acting within the course and scope of their employment, owed the Plaintiff LEONARD SAWICKI a non-delegable duty to exercise reasonable care under the circumstances for the safety of a fare-paying passenger and/or business invitee.

24. Alternatively, at all material times, Defendants and/or their employees, engaged in certain affirmative undertakings, as hereafter alleged, and in doing so acquired a duty to exercise

5
Plaintiff's Complaint and Demand for Jury Trial

reasonable care in those undertakings.

25. On or about March 31, 2022, Defendants and/or their agents, servants, joint venturer's and/or employees, breached their duty to provide the Plaintiff with reasonable care under the circumstances, and was negligent and careless by committing the following acts and/or omissions including but not limited to:

 a. Failure to adequately warn passengers (including the Plaintiff) of the danger posed by the threshold and/or change in surface between the sand and concrete; and/or

 b. Failure to warn passengers (including the Plaintiff) of the dangerous and/or hazardous condition(s) which caused Plaintiff to fall; and/or

 c. Failure to warn passengers (including the Plaintiff) of sudden and/or unexpected changes in surface throughout the Private Island; and/or

 d. Failure to warn the Plaintiff of the risks and/or dangers associated with the threshold, including but not limited to changes in surfaces so that they were readily apparent to the Plaintiff and other passengers and not hidden and/or camouflaged; and/or

 e. Failure to adequately warn the Plaintiff of other trip-and-fall accidents previously occurring on the same threshold between the concrete and the beach; and/or

 f. In other manners not yet known, but which are expected to be revealed in discovery.

26. At all times material hereto, Defendants knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them. Plaintiff met another person that had tripped and fell on the same threshold earlier in the day before the Plaintiff, and told Defendants of the same before Plaintiff's subject incident, when being treated for his subject injuries. Insofar as it relates to

6

Plaintiff's Complaint and Demand for Jury Trial

conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject area.

27. As a direct and proximate result of the negligence of Defendants, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE the Plaintiff LEONARD SAWICKI demands judgment for all damages recoverable under the law against the Defendants and demands trial by jury.

## COUNT II
## NEGLIGENT FAILURE TO MAINTAIN AGAINST DEFENDANTS

28. Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 20, and alleges as follows:

29. At all times material, Defendants through their employees, servants, agents, and/or representatives acting within the course and scope of their employment, owed the Plaintiff LEONARD SAWICKI a non-delegable duty to exercise reasonable care under the circumstances as required of an ocean common carrier for the safety of a fare-paying passenger.

30. Alternatively, at all material times, Defendants and/or their employees, engaged in certain affirmative undertakings, as hereafter alleged, and in doing so acquired a duty to exercise reasonable care in those undertakings.

31. On or about March 31, 2022, Defendants and/or their agents, servants, joint venturer's and/or employees, breached its duty to provide the Plaintiff with reasonable care under the circumstances, and was negligent and careless by committing the following acts and/or

MARGULIES & WINKLEMAN P.A.
Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
E: (305)373-3016 FAX: (305)373-6204

omissions including but not limited to:

 a. Failure to adequately and regularly inspect the threshold area to determine whether there is adequate signage of the change in surfaces; and/or

 b. Failure to adequately inspect and/or maintain the subject threshold in a reasonably safe condition, including, but not limited to, without trip-and-fall hazards; and/or

 c. Failing to inspect and monitor walkways for dangerous and/or hazardous conditions; and/or

 d. Failing to discover in a timely manner the dangerous and/or hazardous conditions; and/or

 e. Failure to promulgate and/or enforce adequate policies and procedures to inspect and/or maintain the subject threshold in a reasonably safe condition.

32. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendants' failure to adequately inspect and/or maintain the subject area.

33. At all times material hereto, Defendants had exclusive custody and control of the Private Island.

34. At all times material hereto, Defendants knew of the foregoing dangerous conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. Plaintiff met another person that had tripped and fell on the same threshold earlier in the day before the Plaintiff, and told Defendants of the same before Plaintiff's subject incident, when being treated for his subject injuries. This knowledge was or should have been acquired through Defendants' maintenance and/or inspections of the sidewalk area on the Private Island and/or through prior incidents involving passengers injured on the sidewalk.

MARGULIES & WINKLEMAN P.A.
Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
E: (305)373-3016 FAX: (305)373-6204

35. As a direct and proximate result of the negligence of Defendants, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from his fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendants and demands trial by jury.

## COUNT III
## GENERAL NEGLIGENCE AGAINST DEFENDANTS

36. Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 20, and alleges as follows:

37. At all times material, Defendants through their employees, servants, agents, and/or representatives acting within the course and scope of their employment, owed the Plaintiff LEONARD SAWICKI a non-delegable duty to exercise reasonable care under the circumstances.

38. Alternatively, at all material times, Defendants and/or their employees, engaged in certain affirmative undertakings, as hereafter alleged, and in doing so acquired a duty to exercise reasonable care in those undertakings.

39. On or about March 31, 2022, Defendants and/or their agents, servants, joint venturer's and/or employees, breached its duty to provide the Plaintiff with reasonable care under the circumstances, and was negligent and careless by committing the following acts and/or omissions including but not limited to:

a. Failure to provide a safe means of access onto and back from the beach; and/or

b. Failure to provide passengers (including the Plaintiff) with reasonable safe conditions under the circumstances to walk about the Private Island; and/or

c. Failure to provide an adequate entryway between the threshold and the beach; and/or

d. Failure to utilize a reasonably safe flooring surface in light of the anticipated traffic on the threshold and beach; and/or

e. Failure to adequately mark the changes in surfaces so that they were readily apparent to the Plaintiff and other passengers and not hidden and/or camouflaged; and/or

f. Failure to use contrasting flooring surfaces so as to make the change apparent to the Plaintiff and other passengers; and/or

g. Failure to promulgate and/or enforce adequate policies and procedures to ensure that passengers like the Plaintiff are warned of the danger posed by the change in surface; and/or

h. Failure to analyze prior trip-and-fall accidents on Defendant's Private Island involving thresholds with the same or similar flooring surface and/or design as the subject threshold so as to remedy such hazardous conditions; and/or

i. Failure to analyze prior trip-and-fall accidents on Defendant's Private Island involving unmarked and/or hidden and/or camouflaged thresholds so as to remedy such hazardous conditions; and/or

j. Failure to correct hazardous conditions following prior trip-and-fall accidents on the same threshold or similar thresholds; and/or

k. Failure to provide passengers like the Plaintiff with a reasonably safe walking surface and/or flooring surface; and/or

l. Failing to properly train, monitor and/or supervise their employees; and/or

m. Failure to provide adequate medical assistance and proper medical care; and/or

MARGULIES & WINKLEMAN P.A.
Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
E: (305)373-3016 FAX: (305)373-6204

n. Failure to adequately diagnose passengers (including Plaintiff) and/or provide proper medical treatment; and/or

o. Failing to adequately monitor passengers, so as to keep them away from dangerous and/or hazardous condition(s); and/or

p. Failing to utilize reasonable and proper safety policies, procedures, protocols and practices to detect dangerous and/or hazardous conditions in walkways; and/or

q. Failing to anticipate an unreasonable risk of harm when there was reason to suspect that passengers would be exposed to a hazardous, and/or dangerous conditions; and/or

r. Failure to adequately inspect and/or maintain the subject threshold in a reasonably safe condition, including, but not limited to, without trip-and-fall hazards; and/or

s. Failure to promulgate and/or enforce adequate policies and procedures to inspect and/or maintain the subject threshold in a reasonably safe condition; and/or

t. Failing to implement and/or promulgate adequate rules, policies and procedures so not to expose the Plaintiff to dangerous and/or hazardous condition(s);

u. Failure to incorporate applicable standards, including the Americans with Disabilities Act (ADA), to changes in surfaces open to passengers like the Plaintiff; and/or

v. Other acts and/or omissions constituting a breach of the duty to use reasonable care under the circumstances which are revealed through discovery.

40. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

11
Plaintiff's Complaint and Demand for Jury Trial

41.     At all times material hereto, Defendants knew of the foregoing dangerous conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired through Defendants' maintenance and/or inspections of the threshold area on the Private Island and/or through prior incidents involving passengers injured on the threshold between the sand and the concrete tiles.

42.     As a direct and proximate result of the negligence of Defendants, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.  Further, the injuries resulting from his fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendants and demands trial by jury.

LIPCON MARGULIES & WINKLEMAN

DATED:   July 6, 2022

BY:  *s/ Carol L. Finklehoffe*
　　　CAROL L. FINKLEHOFFE
　　　*Attorney for Plaintiff*

### Demand for Jury Trial

Plaintiff LEONARD SAWICKI, hereby demands a trial by jury on all claims for relief.

DATED: July 6, 2022.

LIPCON MARGULIES & WINKLEMAN

BY: *s/ Carol L. Finklehoffe*
CAROL L. FINKLEHOFFE
*Attorney for Plaintiff*